BROOKE, P.
There can be no doubt upon the construction of the act of assembly : its obvious meaning gave to the tenant a demand on the landlord, at the expiration of the lease, for the expense paid by him, of paving the street opposite the lot.
Upon the terms of the lease, there is more question. The words in the covenant are very strong: yielding and paying an annual rent of 50 dollars, besides all taxes and other public dues in any manner accruing &c. But they may be satisfied by the application of them to the ordinary and usual taxes and public dues. To extend them to an expense unknown by the parties, incalculable as to amount, uncertain as to time, and in which the lessee could have no certain interest, would be to disregard all the circumstances under which the contract was made. It is impossible to suppose, that a sum so uncertain in amount, and which might be as large as the sum that was in fact paid, could have been taken into the calculation of the value of the lot, at the time the lease was made. There was nothing by which it could be estimated, like the usual and customary taxes and public dues; nor does it come intirely within any correct definition of the terms taxes or other public dues. It was an uncertain and extraordinary assessment. The act under which it was made, had been in force two years, and having never been acted on, it was doubtful, whether within the term of five years it would be put into operation. That depended on the proprietors of the lots and not on the lessees. It was not a charge on the lot, but on the person of the proprietor (the appellant), having no reference to the value of the lot, but to its front on the street, and it was limited to a particular object and occasion. If intended to be included in the lease, it is improbable, that it would have been left to the general construction of the terms, taxes or other public dues. When collected, it was not applicable to the ordinary purposes *of revenue, of the state or corporation, but to individual objects and purposes, in which three fourths of the owners of lots on the same street might have no interest.
In the case of Southall v. Leadbetter, 3 T. R. 458, the tenant covenanted to pay a rent, and also from time to time and at all times during the lease, the land tax and all other taxes, rates, assessments, and impositions whatever, by act of parliament or otherwise howsoever. During the lease, a party-wall became necessary, and the tenant, under an act of parliament, had to pay his proportion of the expense, which *297 by the act he was empowered to deduct out of the rent. And the question was, whether the tenant was not bound by the terms of the lease, to pay this expense, it being, as was contended, an imposition by law. The court was clearly of opinion, that he was not: lord Kenyon said, “neither is the tenant concluded by his covenant to pay taxes, assessments, impositions &c. for that only extends to the land tax and all other taxes ejusdem generis: but this is nota tax.” X think that a strong case: the party-wall was no more beyond the covenant there, than the paving here; the expense of it was more certain, and more calculable; and the tenant had a more immediate interest in it.
The other judges concurring, the judgment was affirmed.